**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

ALEJANDRO RANGEL MENDOZA and
FRANCISCO JAVIER ESCAMILLA,
by and through their next friend
JAYCEE QUIJANO,

Petitioners,

v. CIVIL ACTION NO. 3:26-0662

DAVID VENTURELLA,
Acting Director, United States Immigration and
Customs Enforcement,
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
United States Attorney General;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Petition for Habeas Corpus relief filed by Petitioners Alejandro Rangel Mendoza and Francisco Javier Escamilla. Pet., ECF No. 1. For the reasons discussed below, the Petition is **GRANTED** as to Petitioner **Alejandro Rangel Mendoza**.

Petitioners challenge their current civil immigration detention without an individualized custody determination and request immediate release. Pet. ¶¶ 3, 17-20. Petitioners were arrested on the morning of October 15, 2026, within the interior of the United States, in or around

Huntington, West Virginia, near exit 11 following a traffic stop. Am. Resp. at 5, ECF No. 8. They were then transported to the ICE processing facility in Poca, West Virginia. *Id.* At this facility, they signed voluntary departure agreements. *Id*. This Petition was initially entered around 11:25 AM on the same day. *See* Pet.

Respondents note that they present the same arguments previously rejected by this Court as to Petitioner **Alejandro Rangel Mendoza**. Am. Resp. at 8. Petitioners note that a hearing and further briefing are not necessary to the extent the pleadings are sufficient to grant their requested relief. Notice, ECF No. 9. This Court's opinions are adopted and form the basis for this brief opinion. *See Cruz Cruz et al v. Venturella et al*, 3:26-cv-00607 (S.D.W. Va. 2026 Oct. 8, 2026); *Nunez Aguilar et al v. Venturella et al*, 3:26-cv-00611 (S.D.W. Va. Oct. 8, 2026). The Government's arguments have been uniformly rejected by Courts within this District. *See Sanchez Martinez v. Mason*, No. 2:26-cv-110 (S.D. W. Va. Feb. 23, 2026) (Goodwin, J.); *Tinajero Rodriguez v. Mason*, No. 2:26-cv-122 (S.D. W. Va. Feb. 24, 2026) (Berger, J.). The Court's analysis of the Immigration and Nationality Act and entitlement to due process within it has not changed.[1]

For the previously stated reasons, Respondents' Motion to Dismiss, ECF No. 8, is **DENIED** as to Petitioner **Alejandro Rangel Mendoza**, and the Petition, ECF No. 1, is **GRANTED** as to Petitioner **Alejandro Rangel Mendoza**.

Respondents are **ORDERED** to **PROMPTLY RELEASE PETITIONER Alejandro Rangel Mendoza** on the sidewalk at the front of entrance of the Federal Courthouse on Fifth Avenue in Huntington, WV, no later than tomorrow, **Tuesday, October 20, 2026, at 12:00 PM**.

[1] As in prior cases, the Court also does not address nor make any ruling upon the validity or invalidity of any voluntary departure agreements signed by Petitioner. *See, e.g.*, *Rosas Magala v. Venturella*, No. 3:26-cv-0538, 2026 WL 2600984 (S.D.W. Va. Sept. 2, 2026).

Respondents are **ORDERED** to transport Petitioner back to the Southern District of West Virginia. Respondents are **DIRECTED** to provide reasonable notice of at least three (3) hours to Petitioners' counsel of the anticipated time and place of Petitioner's release. Respondents are **ORDERED** to facilitate the prompt return of all property seized incident to Petitioner's detention, including legal documents. Respondents shall file a notice of compliance with the Court.

The Court **ORDERS** that Respondents are **PROHIBITED** from re-arresting and detaining Petitioner under 8 U.S.C. § 1225 and are **PROHIBITED** from re-arresting and detaining Petitioner under 8 U.S.C. § 1226(a) absent notice, a reasonable opportunity to obtain counsel, and a constitutionally adequate custody determination hearing before a neutral and detached decisionmaker. Respondents are **PERMANENTLY ENJOINED** from imposing any conditions or restraints on Petitioner's liberty (including but not limited to an ankle monitor, curfew, or electronic monitoring) without an individualized assessment of the need for such restraints and a pre-deprivation hearing before a neutral and detached decisionmaker.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented party.

ENTER: October 19, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE